UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DONNA JUNTE for, ) | |
| MICHAEL G. JUNTE, Deceased ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:11CV74 HEA |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's request for judicial review, under 28 U.S.C. § 1383(c)(3), of the final decision of Defendant denying Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §401, *et seq*. For the reasons set forth below, the Court affirms the Commissioner's denial of Plaintiff's application.

## Facts and Background

At the time of the alleged onset of disability Plaintiff was 59 years old. He had a twelfth grade education and work experience as a sheet metal worker. The ALJ found Plaintiff had the severe impairments of: degenerative disk disease and peripheral artery disease as they caused more than a minimal interference with daily activities. The ALJ also found that Plaintiff had the residual functional capacity to perform a full range of medium work. The ALJ further found Plaintif

was capable of performing past relevant work as a sheet metal assembler. At the October 27, 2009 hearing, the wife of the Plaintiff testified. The death of the Plaintiff preceded the hearing. There was testimony they had been married some 41 and one half years. She testified her husband had been employed by McDonnell Douglas/Boeing Aircraft from 1973 through September 30, 2006 doing sheet metal work. While in that capacity he had to lift up to 100 pounds from time to time. He was on his feet all the time and upon his retirement in 2006 he had difficulty walking and standing. He also complained of pain in his legs. She testified he would sit down from time to time to relieve the discomfort and rub his legs. In addition he could only be on his feet for about 10 minutes before he would have to sit down and sit only 30 minutes before he would have to stand. He would also elevate his legs, in the morning and in the evening, to relieve the discomfort.

There was also testimony from a friend who stated he and Plaintiff fished every weekend until Plaintiff had problems walking, sitting ans standing. Plaintiff stopped fishing and hunting because he could not walk over 100 yards without experiencing leg, back pain, or foot pain.

## Issue Statement

The general issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Act, regulations, and applicable case law, and whether the Commissioner's final decision is supported by substantial evidence

on the record as a whole. The issues here are limited. There are two issues raised by Plaintiff. One is whether the ALJ erred in assessing Plaintiffs' residual functional capacity (RFC) and finding he could perform his past relevant work at step four of the sequential evaluation process. The second issue is whether the ALJ properly considered the alleged onset date.

## Standard of Review

This Court is limited in its review. The Court may merely determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole. *See Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate in support of the Commissioner's conclusion. *See Juszczyk v. Astrue*, 542 F.3d 626, 631 (8th Cir. 2008). The court must consider evidence that both supports and detracts from the decision. An administrative decision is not subject to reversal, however, simply because some evidence may support the opposite conclusion. *See Finch*, 547 F.3d at 935. A court should disturb the ALJ's decision only if it falls outside the available "zone of choice;" a decision is not outside the zone of choice simply because the court may have reached a different conclusion had the court been the finder of fact in the first instance. *See Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011), *McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010) (If substantial evidence supports the Commissioner's decision, the

court "may not reverse, even if inconsistent conclusions may be drawn from the evidence, and [the court] may have reached a different outcome"). A court should "defer heavily to the findings and conclusions of the Social Security Administration." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (quoting *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)). The Court should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the

claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520©, 416.920(a)(4)(ii), 416.920©; McCoy, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id...* At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other

work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**ALJ Decision**

The ALJ utilized the five-step analysis as required in this case. A detailed discussion or recitation of the Opinion of the ALJ will therefore not be utilized here as the Plaintiff only takes issue with the ALJ decision as to step four and the conclusion as to the date of onset.

At Step Four it was the finding of the ALJ that Plaintiff could perform the full range of medium work. The Commissioner earlier found Plaintiff disabled based on his terminal cancer beginning on February 1, 2008. (Tr. 11, 26-27). The only issue, therefore, in this case is whether Plaintiff was disabled beginning on September 30, 2006, based on other impairments. Plaintiff failed to demonstrate an earlier onset period as he did not provide evidence demonstrating disability. The

ALJ, therefore, found Plaintiff not disabled, and denied the benefits sought for the earlier period by the Application.

In the appeal of the Commissioner's decision, Plaintiff makes the following contentions: (1) The ALJ erred in determining RFC because the ALJ did not consider all of his impairments; (2) the ALJ erred in finding Plaintiff could perform his past relevant work as a sheet metal assembler because the ALJ failed to properly consider the evidence regarding the demands of his sheet metal assembler job; (3) the ALJ should have called on services of a medical advisor in determining his onset date because the testimony of the wife was ignored and the onset date had to be inferred.

**RFC**

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. As true*, 596 F.3d 959, 969 (8th Cir.2010); see also 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage,

effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

(1) the claimant's daily activities;

(2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) any precipitating or aggravating factors;

(4) the dosage, effectiveness, and side effects of any medication; and

(5) the claimant's functional restrictions.

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him or her to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically

demonstrate that he considered all of the evidence." *Id.* The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id.* Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988).

    The claimant has the burden to prove the RFC at step four of the sequential evaluation, and the ALJ determines it based on all relevant evidence. *See Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004). The RFC formulation is a part of the medical portion of a disability adjudication as opposed to a vocational portion, which involves consideration of age, education, and work experience. Although it is a medical question, it is not based only on "medical" evidence, i.e., evidence from medical reports or sources; rather an ALJ has the duty to formulate the RFC based on all the relevant, credible evidence. *See McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000); *Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000).

    The ALJ will also consider whether the doctor's opinion is consistent with other evidence and opinions, the doctor's specialty, and "other factors" like the extent to which doctor is familiar with other information in the claimant's case. *See* 20 C.F.R. § 404.1527(c)(2) (2012); *Brace v. Astrue*, 578 F.3d 882, 885 (8th Cir. 2009). The ALJ may reject opinions that he or she finds are not supported by other

credible objective evidence in the record, or which are unexplained or conclusory. *See Brown v. Astrue*, 611 F.3d 941, 951 (8th Cir. 2010) (treating source "opinion does not automatically control in the face of other credible evidence on the record that detracts from that opinion.").

## A. THERE IS SUBSTANTIAL EVIDENCE SUPPORTING THE RFC

The Record here plainly demonstrates that Plaintiff had peripheral artery disease and bilateral leg claudication. He underwent catherization, arteriography, ballon angioplasty, and stenting on September 11, 2006. The day after these procedures were done a lower extremity Doppler study showed no evidence of significant arterial insufficiency in either extremity. The record indicates that as of September 22, 2006 he had palpable pulses and was doing well. There aer no additional notes in the record after September 22, 2006 by way of examination which contradicts in, any substance, these notes. The ALJ concluded, reasonably so, that the angioplasty was successful. An impairment that can be controlled with treatment cannot be considered disabling. *See Brown v. Astrue*, 611 F.3d 941, 955 (8th Cir. 2010) (quoting *Brace v. Astrue*, 578 F.3d 882, 885 (8th Cir. 2009) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling"). Therefore, Plaintiff failed to demonstrate that he was disabled prior to February 1, 2008, based on peripheral artery disease and leg claudication.

There were other allegations of disabling impairment which the record does not support. Plaintiff complained of leg pain in September 2006, but this leg pain was related to the peripheral vascular insufficiency and claudication. This was appropriately treated by the stenting and angioplasty which was done on September 11, 2006. There was also a complaint of back pain which was noted by a friend of the Plaintiff. Diagnostic imaging in 2006 confirmed the back pain, but Plaintiff continued working until he retired on September 30, 2006. *See Van Vickle v. Astrue*, 539 F.3d 825, 830 (8th Cir. 2008) (claimant continued working for four years despite her extreme fatigue, which contradicted her allegation that she was disabled based on fatigue). The record demonstrates he did not seek treatment for his back pain during the relevant time period, which also discounted his complaints (Tr. 14-15). *See Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997) (claimant's failure to seek treatment for allegedly disabling impairments contradicted her complaints and supported the ALJ's decision to deny benefits).

Statements of friends and testimony of his wife were submitted regarding the degree of severity of his impairments for the period of 2004-2008. The statements were contradicted by his continued work and failure to seek treatment during the time period. The ALJ rightly concluded that the testimony and statements were not credible. Although the ALJ did not specifically find the testimony of the wife not credible, it is patently evident that the ALJ found her testimony not credible and the

consideration of her testimony as not credible is supported by the substantial evidence of the record. *See Black v. Apfel*, 143 F.3d 383, 387 (8th Cir. 1998) ("Black's parents were not qualified to give an opinion regarding her capacity to work, however, and their testimony merely corroborated Black's testimony regarding her activities. The ALJ, having properly discredited Black's complaints of pain, was equally empowered to reject the cumulative testimony of her parents").

Finally, the ALJ noted that there are no opinions in the record regarding Plaintiff's limitations during the relevant time period (Tr. 16). Therefore, the record as a whole fails to establish disability prior to February 1, 2008. *See Brown v. Chater*, 87 F.3d 963, 965 (8th Cir. 1996) (citing *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993) (lack of significant medical restrictions inconsistent with complaints of disabling pain).

## B. ABILITY TO PERFORM PAST RELEVANT WORK IS SUPPORTED

Past relevant work is work that was performed within the last 15 years at the substantial gainful activity level and that lasted long enough for the claimant to learn how to do the job. *See* 20 C.F.R § 404.1560(b)(1). A claimant who can perform his past relevant work either as he performed it or as it is generally performed is not disabled. *See* 20 C.F.R. § 404.1560(b)(2). Plaintiff's sheet metal assembler job was past relevant work. Plaintiff also had the RFC to perform the full range of medium work. Medium work is work that requires lifting no more than 50

pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds, standing or walking, off-and-on, for a total of approximately 6 hours in an 8-hour workday, sitting intermittently during the remaining time, frequent bending and stooping, and using the hands and arms for grasping, holding, and turning objects. *See* Social Security Ruling (SSR) 83-10, 1983 WL 31251, at * 6 (defining the exertional requirements of the full range of medium work). Based on Plaintiff's RFC, the ALJ found that he could perform his past relevant work as a sheet metal assembler as he performed it and as it is generally performed. Therefore, the ALJ appropriately concluded that Plaintiff was not disabled.

Plaintiff argues that the ALJ erred in finding he could perform his past relevant work because the ALJ failed to appreciate that he reported that his sheet metal assembler job required him to lift 45 pounds frequently and as much as 100 pounds or more. He also argues that the ALJ failed to consider the testimony of his wife at the October 2009 hearing that he had to lift 100 pounds at times.

The sheet metal assembler job is performed at the medium exertional level generally. *See* Dictionary of Occupational Titles § 806.384-030 (Assembler – Metal Bonding) 1991 WL 681462 (sheet metal assembly is performed at the medium exertional level). On the record presented the ALJ correctly found that Plaintiff could perform his sheet metal assembler job as generally performed.

## C. SERVICES OF A MEDICAL EXPERT WERE NOT NECESSARY

Although Plaintiff argues the ALJ should have called on the services of a medical advisor in determining his alleged onset date because the ALJ ignored the testimony of his wife regarding his impairments and because his alleged onset date had to be inferred., it is clear that onset of disability in non-traumatic impairment cases, such as Plaintiff's, should be based on consideration of the claimant's allegations, work history, and the medical and other evidence. When precise or specific evidence is available and reasonable inferences regarding the progression of impairment can be made the matter does not avail itself to the necessity of inference. *See* SSR 83-10, 1983 WL 31249, at 3. The evidence demonstrates that Plaintiff was not disabled prior to February 1, 2008. It also shows that the testimony of his wife was not credible for that same period. The services of a medical advisor was, therefore, not necessary in determining Plaintiff's alleged onset date. The ALJ's determinations were based upon substantial evidence in the record.

### Conclusion

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 17th day of October, 2014.

_____
　　　HENRY EDWARD AUTREY
　　UNITED STATES DISTRICT JUDGE